# United States District Court
## District of Minnesota

Office Of The Clerk
300 S. Fourth St., Room 202
Minneapolis, MN 55415

RICHARD D SLETTEN, CLERK
(612) 664-5000

February 14, 2007

Ms. Victoria C. Minor, Clerk
United States District Court
4-200 Robert T. Matsui United States Courthouse
501 I Street
Sacramento, CA 95814-7300

In re: MDL-1708 -- In re Guidant Corp. Implantable Defibrillators Products Liability Litigation
YOUR CASE NUMBER: C.A. No. 2:06-1972  Clifford Hosler, et al., v. Guidant Corp
DISTRICT OF MINNESOTA CASE NUMBER: 07-1124  DWF/AJB

Dear Ms Minor

    An certified copy of transfer order of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. §1407 was received and filed in this district on February 12, 2007   Enclosed is a certified copy of that order directing the transfer of your civil case to the District of Minnesota. The cases are assigned to Judge Donovan W. Frank and Magistrate Judge Arthur J. Boylan for coordinated or consolidated pretrial proceedings. Please reference the case number assigned in this court on all correspondence or communications.

    Please forward a certified copy of the docket sheet for the case listed above together with a received stamped copy of this letter to: Clerk, U. S. District Court, 300 S. Fourth Street, Room 202, Minneapolis, MN 55415. Communications regarding these actions should be directed to Ms. Mary Kaye Conery or Ms. Lou Jean Gleason at (612) 664-5000. Should you have any questions please do not hesitate to call.

Very truly yours,

RICHARD D. SLETTEN, CLERK

Mary Kaye Conery, Civil Docket Supervisor

Enclosure

cc: Judge Donovan W. Frank
    Judicial Panel on Multidistrict Litigation

Case 2:06-cv-01972-FCD-KJM Document 20 Filed 03/05/07 Page 2 of 3
Case 0:06-cv-01708-DWF-AJB Document 1166 Filed 02/12/2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 7 2007

FILED
CLERK'S OFFICE

**DOCKET NO. 1708**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES,* CHAIRMAN, D. LOWELL JENSEN,*J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the five Eastern District of California actions, three Southern District of California actions, one Southern District of Alabama action, one Northern District of California action, and one Eastern District of Missouri action as listed on Schedule A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Guidant Corp., Boston Scientific Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) oppose the motions to vacate filed with respect to the actions in which each is named as a defendant and urge inclusion of those actions in the MDL-1708 proceedings. A hospital defendant in the Eastern District of Missouri action also responded to the motion filed by the plaintiff in that action.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of these actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Minnesota was a proper Section 1407 forum for actions involving claims arising from alleged defects in implantable defibrillators and pacemakers manufactured by Guidant. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 398 F.Supp.2d 1371 (J.P.M.L. 2005). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

* Judges Hodges, Jensen and Motz took no part in the decision of this matter.

A true printed copy in ___3___ sheet(s)
of the electronic record filed on 2-12-07
in the United States District Court
for the District of Minnesota.
CERTIFIED, 2-14-07 , 20___.
RICHARD D. SLETTEN
BY: _____
Deputy Clerk

SCANNED
FEB 12 2007
U.S. DISTRICT COURT MPLS

A CERTIFIED TRUE COPY
FEB - 7 2007
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

- 2 -

Plaintiff in the Southern District of Alabama action argues against transfer, among other things, that the MDL-1708 proceedings focus on cardiac devices different from the pacemaker and defibrillator combination unit at issue in this action. We are unpersuaded by this argument. The MDL-1708 proceedings encompass many different kinds of implantable cardiac devices over which Guidant is being sued, including actions involving the cardiac device at issue in this action. Inclusion of the present claims in the MDL-1708 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Robert L. Miller, Jr.
Acting Chairman